**AFFIRM; and Opinion Filed April 11, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01260-CR

**ALAN GERARDO GONZALEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F11-52354-U**

## OPINION

Before Justices Lang-Miers, Murphy, and Fillmore
Opinion by Justice Fillmore

The jury found Alan Gerardo Gonzalez guilty of aggravated robbery with a deadly weapon and assessed punishment, enhanced by a prior felony conviction, at forty-five years' imprisonment. In a single point of error, Gonzalez claims he received ineffective assistance of counsel because trial counsel (1) failed to review, before admission into evidence, a recorded phone conversation during which Gonzalez discussed the State's offer of a plea agreement and (2) failed to object to the evidence regarding plea negotiations until after the entire recording was played to the jury. We affirm the trial court's judgment.

### Background

On the night of February 21, 2011, Melissa Camp drove to the entrance of an apartment complex near Meadow Street and Central Expressway. While she was waiting for the gate to the

parking lot to open, a gold car with three people in it drove up behind her. A woman was driving the gold car. Gonzalez and another man got out of the gold car and approached Camp's gray Mustang. Gonzalez tried to talk to Camp. When Camp did not respond, Gonzalez opened the door to Camp's car, pointed a gun at her head, and demanded her things, including her purse and cell phone. Gonzalez then grabbed Camp's arm and pulled her out of her car. Gonzalez got in Camp's car and drove off, followed by the gold car. Shortly thereafter, Camp was able to call the police using someone else's cell phone. Police spotted both cars and, after chasing and apprehending the suspects, arrested Gonzalez and his two companions, Eduardo Hernandez and Gina Rivas.

Dallas Detective Adrian Ballin interviewed all three suspects that night. Gonzalez initially denied knowing the car belonged to Camp, but eventually admitted he took the car and fled police while driving it. Although Gonzalez initially appeared intoxicated and admitted to taking Xanax that night, he "got coherent very quickly" and asked if he was going to be charged with aggravated robbery.

Gonzalez was charged with aggravated robbery with a deadly weapon, a handgun. The State gave notice of intent to enhance the punishment range with a prior felony conviction of burglary of a habitation.

During trial, Camp testified about the robbery and identified Gonzalez in open court as the robber with the gun. During cross-examination, she conceded she did not tell police that Gonzalez had tattoos on his face, saying she "really wasn't looking at him at the time" and was "trying to avoid eye contact." Detective Ballin testified he interviewed Gonzalez and was the sponsoring witness for State's exhibit 1, a videotape of the interview. The jury watched and listened to the interview in which Gonzalez said he found the car with the keys in it and took it.

2

He later denied having a gun. In the interview, Gonzalez admitted having a prior conviction for burglary, stated he was on parole, and asked if he would be able to "bond out." He repeatedly asked if he was going to Lew Sterrett Jail and requested he be put in the South Tower.

Dallas police officer David Baker testified he responded to the call about a "carjacking." He was driving the area when he spotted a Mustang matching the description given in the call parked on a side street. There was a gold Honda parked behind the Mustang. When he made a U-turn and turned onto the side street, the cars drove away. He followed the Mustang until he received confirmation that it was the car involved in the carjacking; he then activated his lights and siren. The Mustang sped off, and Officer Baker followed until Gonzalez lost control of the car and crashed in the front yard of a house. Other officers arrived, and Gonzalez was arrested.

Dallas police officer Trevor Perez and his partner, Laura Robeson, were on patrol when they received a call about a tan Honda that had been involved in an aggravated robbery. About twenty minutes later, they saw a car matching that description and attempted to conduct a traffic stop. The car did not stop, so they and other police officers began following it. After a lengthy chase, the driver and passenger abandoned the car. Officers Perez and Robeson chased them on foot and apprehended Hernandez. Hernandez had a gun in his hand. Robeson searched Hernandez and found several gift cards with Camp's name on them in Hernandez's pocket.

The State offered State's exhibit 8, a recording of a phone call that Gonzalez made from jail to an unidentified woman. Trial counsel objected to the recording as not being properly authenticated and to the content of the recording as being more prejudicial than probative. The trial court overruled the objections. Gonzalez and the woman spoke in Spanish during their conversation, and the recording was translated in court by Maria Rosa Hester, a certified Spanish interpreter. According to Hester, Gonzalez told the woman he needed to talk to his brother.

3

Gonzalez said he had been offered forty years and there was a possibility he would get probation but only if Gina or the woman he robbed did not show up. He talked at length about Gina and the woman he robbed.

After the recording had been played, trial counsel asked for a hearing outside the presence of the jury. Trial counsel indicated to the court that he had received a copy of the recording after the close of trial the previous day. He also received a one paragraph summary of the recording that indicates Gonzalez was asking his brother to find Gina and telling his brother that the State was trying to find the "lady that he robbed." Trial counsel stated that he could not listen to the recording because he does not speak Spanish. Trial counsel objected that the recording referenced plea negotiations and contained information protected by the attorney-client privilege and requested a mistrial. The trial court indicated it did not believe the objections were timely and denied the motion for mistrial. However, after reading the charge to the jury, the trial court orally instructed the jury:

> Ladies and gentlemen, in State's Exhibit 8, there was, the jail phone call, any mention of a plea bargain or any mention of what the State was offering the Defendant or any conversations that the attorney had with his client, all of that evidence has been stricken from the Record and you cannot consider it for any purpose whatsoever.

The jury was instructed on aggravated robbery and the lesser included offense of theft. It found Gonzalez guilty of aggravated robbery and assessed punishment, enhanced by a prior felony conviction, of forty-five years in prison.

**Analysis**

In his sole issue, Gonzalez claims he received ineffective assistance of counsel because trial counsel failed to listen to the recorded phone conversation, in which Gonzalez discussed the State's plea offer of forty years, before it was offered into evidence, and then failed to object to

4

the evidence regarding plea negotiations until after the entire recording had been played for the jury.

To be entitled to a new trial based on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012) (citing *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). The first prong requires the defendant to show counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88, 689; *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). The second prong requires the defendant to show there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687, 694; *Ex parte Lane*, 303 S.W.3d at 707. A defendant's failure to satisfy one prong negates the need to consider the other prong. *Strickland*, 466 U.S. at 697; *Ex parte Lane*, 303 S.W.3d at 707.

In determining whether a defendant has met his burden, we consider the totality of the representation and the particular circumstances of each case. *Ex parte Lane*, 303 S.W.3d at 707. We strongly presume counsel's conduct fell within the wide range of reasonable professional assistance and do not judge counsel's actions in hindsight. *Strickland*, 466 U.S. at 689; *Thompson v.. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). The fact that another attorney might have pursued a different strategy at trial is not sufficient to prove counsel was ineffective. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004).

Our review of counsel's performance is highly deferential and begins with the assumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). We commonly

assume a strategic motive if any can be imagined. *Id.* An ineffective assistance claim must be "firmly founded in the record," and the record must affirmatively demonstrate that the claim has merit. *Menefield*, 363 S.W.3d at 592; *Goodspeed*, 187 S.W.3d at 392; *see also Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App.), *cert. denied*, 131 S. Ct. 3073 (2011) ("Allegations of ineffectiveness must be based on the record, and the presumption of a sound trial strategy cannot be overcome absent evidence in the record of the attorney's reasons for his conduct."). In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). Direct appeal is usually an inadequate vehicle of raising an ineffective assistance claim because the record is generally undeveloped. *Menefield*, 363 S.W.3d at 592–93.[1] Counsel should ordinarily be accorded an opportunity to explain his actions before being denounced as ineffective. *Id.* "If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent attorney would have engaged in it.'" *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392).

We first turn to Gonzalez's claim that his trial counsel was ineffective because he failed to listen to the recorded telephone call before it was offered into evidence. Counsel has a duty to make reasonable investigations, and "'a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.'" *Wiggins v. Smith*, 539 U.S. 510, 521–22 (2003) (quoting *Strickland*, 466

---

[1] Gonzalez contends we must address this issue on appeal because the standard of review on appeal is "much less stringent than the standard of error for a post conviction writ." We do not address issues on appeal for the sole reason that it is more or less likely to benefit one side or another; rather, we address issues properly preserved and presented to the Court or, in certain limited instances, issues of fundamental error. *See Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009); *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993).

U.S. at 690–91).  Counsel has a duty to make reasonable pre-trial investigations or to make a reasonable decision that makes particular investigations unnecessary.  *Id.* at 521.

The record shows counsel received the recording of the telephone conversation at the close of the previous day of trial, but was unable to listen to it because it was in Spanish and counsel does not speak Spanish.  The record also shows the State provided a one-paragraph summary of the pertinent parts of the conversation which did not include any mention of plea offers from the State.  Although Gonzalez asserts the record is sufficient to address his claim of ineffectiveness on this issue, we disagree.  The court of criminal appeals has stated repeatedly that trial counsel should be accorded an opportunity to explain his actions before being denounced as ineffective.  *See Menefield*, 363 S.W.3d at 592–93; *Rylander*, 101 S.W.3d at 110–11.  Here, although Gonzalez filed a motion for new trial, he did not raise the issue of ineffective assistance of counsel in the motion and did not have a hearing on the motion.  Consequently, trial counsel did not have the opportunity to explain his actions surrounding the recording including when the evidence was first available; if it was previously available, why he received it at the close of the previous day of trial; or whether he attempted to have the recording translated but was unsuccessful.  This complaint is one in which a silent record is inadequate to determine the merits of an ineffective assistance of counsel claim.  We conclude Gonzalez has failed to rebut the presumption that counsel's decision was reasonable and, therefore, failed to establish error under the first prong of *Strickland* on this complaint.

We next address Gonzalez's complaint that trial counsel was ineffective by failing to object to the portion of the conversation discussing the State's plea offer of forty years until after the entire recording had been played for the jury.  Before the recording was admitted into evidence, trial counsel objected that the recording was not properly authenticated and that the

7

content of the recording was more prejudicial than probative. The trial court overruled the objections. On the recording, Gonzalez told the woman he needed to talk to his brother. He also said he had been offered forty years and might get probation but only if Gina or the woman he robbed did not show up. Gonzalez referred to Gina as the "snitch" and discussed the odds of getting probation depending on which of the two women appeared to testify.

After the recording was played, counsel asked to make a motion outside the presence of the jury. The jury was removed, and trial counsel moved for a mistrial on the ground the jury would be assessing punishment and would be unduly prejudiced by evidence of a plea bargain. Trial counsel said he did not know evidence of the plea offer was on the recording and, once Gonzalez said forty years was the offer, he "couldn't get that back." Although the trial court denied the motion, the trial court instructed the jury that it could not consider the discussion of a plea bargain offer for any purpose and that the evidence had been stricken from the record.

The decision not to object and draw further attention to the statement at the time it was played at trial could have been the product of sound trial strategy. *See Darby v.* State, 922 S.W.2d 614, 623–24 (Tex. App.—Fort Worth 1996, pet ref'd).[2] Further, "[a]n isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel." *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). Finally, the jury was properly instructed not to consider the statements, and nothing in the record shows the jury did not follow the court's instructions. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (law presumes jury will follow trial court's instruction to disregard and that such instructions are generally considered sufficient to cure improprieties that occur during trial).

---

[2] *See also Escudero v. State*, No. 05-09-01199-CR, 2010 WL 4840501, at *4 (Tex. App.—Dallas Nov. 30, 2010, no pet.) (not designated for publication).

We conclude Gonzalez has failed to establish error under the first prong of *Strickland* on this complaint.

Finally, we note that even if these isolated instances constituted deficient representation, we cannot conclude that, but for the reference to the plea offer, the outcome of the case would have been different. Gonzalez argues that hearing about plea negotiations could "mistakenly lead a juror to conclude that [Gonzalez] was guilty since an innocent person would not contemplate admitting guilt." He further asserts that the sentence imposed, forty-five years, shows that the juror's knowledge of the forty year offer was prejudicial to Gonzalez. However, the evidence of Gonzalez's guilt was overwhelming. Camp identified Gonzalez as the man who forced her out of her car at gunpoint and took her car. Police chased Gonzalez in Camp's car until he crashed the car. He was removed from the car by police and arrested. He later told Detective Ballin he took the car. Further, after the recording of the phone conversation was played, the jury was instructed not to consider "any mention of a plea bargain or any mention of what the State was offering" Gonzalez for any purpose whatsoever.

Although given the option of convicting Gonzalez of theft, the jury convicted him of aggravated robbery. The punishment range was fifteen to ninety-nine years or life. The jury heard evidence of Gonzalez's prior involvement in the juvenile system, including three separate misdemeanor assault offenses on family members and a later felony conviction for burglary of habitation. The State argued this was not a "life case" or a "minimum case," but did argue for something in the middle. The jury assessed punishment at forty-five years. Under these facts, Gonzalez cannot show that "but for" trial counsel's purported errors, the outcome of the case would have been different, and thus has failed to establish error under the second prong of

9

*Strickland*.  Because he has failed to show trial counsel's performance was deficient and that the deficiency prejudiced the defense, we resolve Gonzalez's sole issue against him.

We affirm the trial court's judgment.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111260F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ALAN GERARDO GONZALEZ, Appellant

No. 05-11-01260-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-52354-U.
Opinion delivered by Justice Fillmore, Justices Lang-Miers and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 11th day of April, 2013.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

11